UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jeffrey Colin Purdy                                   Case No. 23-cv-3148 (JRT/LIB)

        Petitioner,

v.                                                    **REPORT AND RECOMMENDATION**

Kendal James, et al.,

        Respondents.

    This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

    Petitioner Jeffrey Colin Purdy has filed a petition for a writ of habeas corpus, challenging his detention at the Renville County jail in Olivia, Minnesota. [Docket No. 1]. This Court previously ordered Petitioner to show cause why his request for habeas relief should not be denied as moot because publicly accessible Bureau of Prison (BOP) records suggest that he had been released from custody. (Order [Docket No. 8]).

    The deadline to respond has elapsed and Petitioner has not responded or communicated with the Court in any way. His Petition is therefore back before the undersigned United States Magistrate Judge for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

    For the reasons discussed herein, this Court recommends that the Petition be **DENIED as moot**. Furthermore, the Court recommends that Petitioner's request to proceed in forma pauperis (IFP), [Docket No. 2], and his Motion to Consolidate Cases, [Docket No. 4], be **DENIED as moot**.

---

[1] This Petition is not brought pursuant to § 2254, but these rules nevertheless apply. See Rule 1(b).

After pleading guilty in this District to cyberstalking in violation of 18 U.S.C. § 2261(b) and § 2261A(2), Petitioner was sentenced on December 17, 2021, to sixty months in prison, with a three-year term of supervised release to follow. See United States v. Purdy, 20-cr-77 (SRN/BRT) (D. Minn. Dec. 17, 2021) (Judgment [Docket No. 186]). At the time he initiated the present action, Petitioner was serving his term of imprisonment at the Renville County jail in Olivia, Minnesota. (Petition [Docket No. 1]). Respondents filed a response asserting that Petitioner had been released from custody via First Step Act release on October 18, 2023, and therefore his challenge to his incarceration was moot. (Response [Docket No. 5]). Indeed, publicly accessible Bureau of Prisons (BOP) records show that Petitioner is currently under the supervision of the Minneapolis residential reentry management (RRM) field office. See BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed December 12, 2023).

The United States Constitution limits the jurisdiction of the federal courts to ongoing cases and controversies. Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir. 2000); see U.S. Const. art. III, § 2. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." Haden, 212 F.3d at 469 (alteration in original) (quoting Beck v. Mo. State High Sch. Activities Ass'n, 18 F.3d 604, 605 (8th Cir. 1994)). The federal courts lack jurisdiction to hear moot cases. Minn. Humane Soc'y v. Clark, 184 F.3d 795, 797 (8th Cir. 1999). Thus, when an action is moot because it no longer satisfies the case-or-controversy requirement, "a federal court must dismiss the action." Potter v. Norwest Mortg., 329 F.3d 608, 611 (8th Cir. 2003) (citing Minn. Humane Soc'y, 184 F.3d at 797).

In the present case, the record is clear: there is no ongoing case or controversy. Mr. Purdy requests an Order directing the Bureau of Prisons (BOP) to credit his sentence thirty days for the

time he was incarcerated at the Renville County Jail and to be released from incarceration. [Docket No. 1]. However, Mr. Purdy has already been released. In fact, it appears that he was released only eight days after he initiated this action. Thus, an order for his release would be ineffectual. Because this Court cannot grant the relief Mr. Purdy requests (because Mr. Purdy has already received that relief, namely, his release from incarceration), Mr. Purdy's Petition challenging his continued incarceration is moot. See Miller v. Whitehead, 527 F.3d 752, 756 (8th Cir. 2008) (concluding that the Section 2241 petitions are moot because the relief sought in the petitions had already been granted).

A habeas petition should not be denied as moot, however, if any of the three exceptions applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue deemed wrong is capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume at any time; or (4) it is a properly certified class action suit." See Sayonkon v. Beniecke, No. 12-cv-27 (MJD/JJK), 2021 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)), report and recommendation adopted, 2012 WL 1622545 (D. Minn. May 9, 2012).

The Court finds that none of these exceptions apply here—there are no allegations of any continued or collateral injury stemming from the period of Mr. Purdy's alleged unlawful detention. Moreover, it is unlikely that this exact scenario could repeat itself as Mr. Purdy has been released from the incarceration he challenges in his Petition, and if he returned to federal custody, it would be due to the imposition of a new term of incarceration. Likewise, there is no indication that the BOP released Mr. Purdy to evade judicial review, and this matter has not been certified as a class action. Further, Mr. Purdy did not respond to the Court's show cause order and the deadline for doing so has expired. Thus, Mr. Purdy himself makes no argument that this matter should not be

dismissed as moot. Accordingly, the Court finds that this case is moot, and no exception to the mootness doctrine applies.

Therefore, based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Jeffrey Colin Purdy's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, [Docket No. 1], be **DENIED as moot**;

2. Petitioner's Application to Proceed In Forma Pauperis, [Docket No. 2], be **DENIED as moot**;

3. Petitioner's Motion to Consolidate Cases, [Docket No. 4], be **DENIED as moot**; and

4. This action be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

Dated: December 22, 2023         s/Leo I. Brisbois
                                 Hon. Leo I. Brisbois
                                 United States Magistrate Judge

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. See Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).